# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00118-CR

**Mark Atchison, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT NO. 99-691-K368, HONORABLE BURT CARNES, JUDGE PRESIDING

## O P I N I O N

Appellant Mark Atchison was indicted for intentionally or knowingly causing serious bodily injury to a child based on the death by shaking of his four-month-old daughter. Pursuant to a plea bargain agreement, he pleaded guilty to the lesser included offense of reckless injury to a child and was placed on deferred adjudication community supervision for six years. Tex. Pen. Code Ann. § 22.04(a), (e) (West 2003). Three years later, the State filed a motion to adjudicate alleging several violations of the conditions of supervision. At the adjudication hearing, appellant pleaded true to two of the alleged violations and not true to the others. After receiving evidence, the court found all the alleged violations to be true, adjudicated appellant guilty, and imposed a twenty-year prison sentence.

Appellant brings forward eleven issues or points of error by which he urges that the evidence does not support the court's decision to adjudicate and that the sentence is excessive. Most of these points are not properly before us, and the others are without merit. Therefore, we will affirm the judgment of conviction.

In points of error one through seven, appellant contends the evidence does not support the court's findings that he violated the conditions of supervision.[1] It has been the consistent holding of the court of criminal appeals, however, that the deferred adjudication statute does not permit an appeal from the decision to proceed to adjudication.[2] *Phynes v. State*, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992); *Olowosuko v. State*, 826 S.W.2d 940, 942 (Tex. Crim. App. 1992); *Williams v. State*, 592 S.W.2d 931, 932 (Tex. Crim. App. 1979). In *Williams*, the court specifically held that a defendant could not challenge the sufficiency of the evidence to support the trial court's findings. *Williams*, 592 S.W.2d at 932.

Appellant argues that these and other opinions to the same effect have misconstrued article 42.12, section 5(b). He asserts that, properly understood, section 5(b) merely prohibits an appeal from the decision granting deferred adjudication.[3] He urges that a defendant whose deferred

---

[1] The court found that appellant failed to report to his probation officer, permit home visits by the probation officer, work faithfully at suitable employment, perform community service restitution, and pay various fees.

[2] The statute provides that when it is alleged that a defendant has violated the conditions of deferred adjudication supervision, he is "entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. No appeal may be taken from this determination." Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (West Supp. 2003).

[3] Appellant's construction of section 5(b) would create a conflict with code of criminal procedure article 44.01(j), which has been held to permit an appeal from a deferred adjudication order. Tex. Code Crim. Proc. Ann. art. 44.01(j) (West Supp. 2003); *Dillehey v. State*, 815 S.W.2d 623, 626 (Tex. Crim. App. 1991).

adjudication probation is revoked has the same right of appellate review that is afforded a defendant whose regular probation is revoked. Even if we were persuaded by appellant's argument, which we are not, we would be bound to follow the rulings of the court of criminal appeals cited above.[4] Points of error one through seven present nothing for review.

Appellant also seeks to challenge the decision to adjudicate in his eleventh point of error. He contends the decision was an abuse of the district court's discretion because the alleged violations were "trivial" and because "alternative penalties were available." It has been held, however, that the "decision to proceed with an adjudication of guilt is one of absolute discretion and [is] not reviewable." *Williams*, 592 S.W.2d at 932-33. Once again, the point of error presents nothing for review.

In point of error nine, appellant asserts that the district court denied him due process and due course of law by adjudicating him guilty and imposing the maximum punishment of twenty years' imprisonment. He makes several arguments in support of these assertions, none of which survives close scrutiny.

First, he contends the court revoked his supervision for a violation that was not alleged in the motion to adjudicate. He refers us to this comment by the court at the conclusion of the hearing: "I believe based on what I've heard here today this afternoon that, to put it in plain English, Mr. Atchison was playing games with the probation department as far as his residence and where he was. I think he was intentionally making it difficult, if not impossible, to be tracked at any given moment." Contrary to appellant's argument, the court's comment was pertinent to the State's

---

[4] Moreover, appellant would still lose on the merits. A plea of true to any one alleged violation is sufficient to support a revocation of supervision. *Rincon v. State*, 615 S.W.2d 746, 747 (Tex. Crim. App. 1981); *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979).

allegation that appellant failed to permit home visits by his probation officer. And in any event, the court found all of the alleged violations to be true, and any one of them would support the decision to adjudicate. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979).

Next, appellant urges that the court denied him due process by refusing to consider the full range of punishment and by imposing a predetermined sentence. *See McClenan v. State*, 661 S.W.2d 108, 110 (Tex. Crim. App. 1983). To support his allegation, appellant refers us to testimony by the probation officer who reviewed appellant's file after the State filed its motion to adjudicate. The officer testified that he originally recommended to the court that appellant be placed on ninety days' electronic monitoring, but that he changed his mind after further consideration when the court set the matter for a hearing. We find no basis in this testimony for a finding that the court had predetermined appellant's sentence.

Appellant also argues that the district court's punishment decision was unconstitutionally "reflexive." *See United States v. Tyler*, 605 F.2d 851, 853 (5th Cir. 1979) (fundamentally unfair to revoke based on minor violations government failed to allege in previous motion to revoke); *United States v. Reed*, 573 F.2d 1020, 1024 (8th Cir. 1978) ("decision to revoke probation should not merely be a reflexive reaction to an accumulation of technical violations"). The only factual support appellant cites in support of this contention is the trial court's remark that "this case bothered me three years ago when it came to me on the plea bargain agreement." That the court may have had reservations about the original plea bargain does not, in itself, demonstrate that the decision to adjudicate or the decision to impose a twenty-year sentence was an unthinking, unconsidered "reflex," or that the court acted on the basis of information it had previously chosen to overlook.

Finally, appellant contends that "because the trial court had other available alternatives to imposing the [twenty-year] sentence, [the appellate court] can infer a spirit of vindictiveness against Appellant." He cites *North Carolina v. Pearce*, 395 U.S. 711 (1969), a case that is not on point.[5] More on point is the opinion in *Black v. Romano*, also cited by appellant, in which the court held that due process does not require a court to indicate on the record that it considered alternatives to incarceration before revoking probation. 471 U.S. 606, 616 (1985). We decline to infer vindictiveness or to find a due process violation simply because the trial court chose to impose the maximum punishment following adjudication. Point of error nine is overruled.

Appellant's eighth point of error is that the court's decision to impose a twenty-year sentence was an abuse of discretion. He argues that the violations proved by the State were too insignificant to warrant the maximum sentence. He states, "For the trial court to leap from approval of a six-year deferred adjudication probation to the maximum sentence was arbitrary and unreasonable in light of the nature of the alleged violations." This argument confuses the decision to adjudicate, which was based on the violations of supervision, with the punishment decision. The twenty-year sentence was not imposed as punishment for the supervisory violations, but as punishment for the second-degree felony to which appellant pleaded guilty and for which he was convicted. Point of error eight is overruled.

Finally, appellant contends the twenty-year sentence is excessive and disproportionate under article I, section 13 of the Texas Constitution, which prohibits "cruel or unusual punishment."

---

[5] In *Pearce*, the court held that "vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial." To insure against such vindictiveness, a court's discretion to impose a more severe sentence after a retrial is strictly limited. *North Carolina v. Pearce*, 395 U.S. 711, 725 (1969).

Tex. Const. art. I, § 13. He urges that the sentence is "cruel" because it is disproportionate to the violations of supervision proved by the State, and is "unusual" because the trial court had other punishment alternatives. Appellant cites no authority holding that article I, section 13 has a guarantee against disproportionate sentences. Even if we were to perform a proportionality analysis, the correct question would be whether the twenty-year sentence was warranted by the crime for which appellant was convicted, and not whether it was warranted by the supervisory violations proved at the adjudication hearing. *Sullivan v. State*, 975 S.W.2d 755, 756 (Tex. App.—Corpus Christi 1998, no pet.); *Fielding v. State*, 719 S.W.2d 361, 363 (Tex. App.—Dallas 1986, pet. ref'd). We find nothing disproportionate in a twenty-year sentence for shaking a four-month-old infant to death. Article I, section 13 is not violated when, as here, the punishment assessed is within the limits prescribed by statute. *Samuel v. State*, 477 S.W.2d 611, 614 (Tex. Crim. App. 1972). Point of error ten is overruled.

The judgment of conviction is affirmed.

_____

David Puryear, Justice

Before Justices Kidd, B. A. Smith and Puryear

Affirmed

Filed: November 13, 2003

Publish

6