In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-07-368 CR


 ______________________



DAVID CARL SMITH, Appellant 



V.



THE STATE OF TEXAS, Appellee


 




On Appeal from the 1st District Court


Jasper County, Texas


Trial Court No. 10161JD






MEMORANDUM OPINION


 Pursuant to a plea bargain, David Carl Smith pled guilty to aggravated assault with
a deadly weapon. The trial court deferred adjudication of guilt and placed Smith on
community supervision for six years. The State filed a motion to adjudicate guilt. Finding
that Smith violated his community supervision order by failing to complete SAFPF, (1) the trial
court adjudicated Smith guilty and sentenced him to ten years in prison. Smith raises three
issues on appeal. 

 In issue one, Smith argues he should be allowed to "withdraw his guilty plea because

the plea bargain agreement cannot be specifically enforced[.]" Smith asserts that part of the
plea agreement was his completion of a SAFPF program; he maintains that the plea
agreement was used to induce him to plead guilty. Smith contends his performance of the
plea bargain was made impossible because the SAFPF facility gave him a "psychological
discharge" as a result of a diagnosed mental condition. Because the agreement could not be
carried out, Smith maintains that his prior guilty plea was involuntary, and he should be
entitled to withdraw his guilty plea. Smith raises a Santobello claim. See Santobello v. New
York, 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971) ("[W]hen a plea rests in any
significant degree on a promise or agreement of the prosecutor, so that it can be said to be
part of the inducement or consideration, such promise must be fulfilled."). The record does
not contain a plea bargain agreement. The record reveals that completion of the SAFPF
program was a condition of the community supervision order. In its motion to adjudicate
guilt, the State alleged Smith violated the order. 

 Under the former version of article 42.12, section 5(b), there was no appeal from the
trial court's decision to adjudicate guilt. See Hogans v. State, 176 S.W.3d 829, 832 (Tex.
Crim. App. 2005). In 2007, the Legislature amended section 5(b) (2) to allow defendants to
appeal from the decision to adjudicate guilt. See Tex. Code of Crim. Proc. Ann. art. 42.12,
§ 5(b) (Vernon Supp. 2008). The hearing on the State's motion to adjudicate occurred prior
to the effective date of the amendment, and the former version of the statute applies. The
State's motion alleged that Smith, by failing to complete SAFPF, violated the terms of his
community supervision order. The State's allegation directly related to the trial court's
decision to adjudicate guilt, not to the sentence imposed. Id. Pursuant to the former version
of article 42.12, section 5(b), we "do not have jurisdiction to consider claims relating to the
trial court's determination to proceed with an adjudication of guilt on the original charge." 
Hogans, 176 S.W.3d at 832. (3) Because the former version of section 5(b) of article 42.12
applies to this case, we do not have jurisdiction to address issue one. 

 In issue two, Smith argues the former version of article 42.12, section 5(b), which
applies to this case, is unconstitutional. Under the former statute, a defendant whose
unadjudicated community supervision was revoked could not appeal from the trial court's
decision to adjudicate guilt. Hogans, 176 S.W.3d at 832. The Texas and United States
constitutions do not provide a right to appellate review of criminal convictions. See Phynes
v. State, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992); Atchison v. State, 124 S.W.3d 755, 760
(Tex. App.--Austin 2003, pet. ref'd) (op. on rehearing). The legislature may properly limit
the right to appeal a criminal conviction. Phynes, 828 S.W.2d at 2. When a statute "says an
accused may not appeal a determination to adjudicate, there is no right do so." Id. Former
section 5(b) does not violate constitutional due process or equal protection rights. See
Atchison, 124 S.W.3d at 760. "Because the right to appeal is not constitutionally guaranteed,
the legislature's decision not to provide such a right in deferred adjudication proceedings
[under the former statute] is not unconstitutional." Burger v. State, 920 S.W.2d 433, 437
(Tex. App.--Houston [1st Dist.] 1996, pet. ref'd). We overrule issue two.

 In issue three, Smith argues his trial counsel was ineffective. Smith asserts trial
counsel failed to object to the motion to adjudicate "on any grounds" and failed "to move
the trial court to permit [Smith] to withdraw his guilty plea either prior to the commencement
of the hearing on the State's motion to adjudicate guilt, during the hearing, or in final
argument." Smith also references trial counsel's failure to object to certain exhibits (4) admitted
into evidence at the hearing on the State's motion to adjudicate. These ineffective assistance
claims pertain to the trial court's decision to adjudicate guilt and under the former version
of article 42.12, section 5(b), are not appealable. 

 As to issues one and three, we dismiss the appeal. We overrule issue two. The
judgment of conviction is affirmed.

 APPEAL DISMISSED IN PART; AFFIRMED.

 ____________________________

 DAVID GAULTNEY

 Justice


Submitted on September 10, 2008

Opinion Delivered October 8, 2008

Do Not Publish


Before McKeithen, C.J., Gaultney and Horton, JJ.

1. SAFPF is a Substance Abuse Felony Punishment Facility.
2. The Legislature amended article 42.12, section 5(b), to provide that a trial court's
determination of whether to proceed with an adjudication of guilt "is reviewable in the same
manner as a revocation hearing conducted under Section 21 [of article 42.12] in a case in
which an adjudication of guilt had not been deferred." Act of May 28, 2007, 80th Leg., R.S.,
ch. 1308, § 5, 2007 Tex. Gen. Laws 4395, 4397. The amendment "applies to a hearing
conducted under [article 42.12, section 5(b)] on or after the effective date [June 15, 2007]
of this Act, regardless of when the adjudication of guilt was originally deferred or when the
offense giving rise to the grant of deferred adjudication community supervision was
committed." See Act of May 28, 2007, 80th Leg., R.S., ch. 1308, § 53, 2007 Tex. Gen.
Laws 4395, 4413-14. Here, the hearing on the motion to adjudicate guilt was conducted on
April 25, 2007, prior to the effective date of the amendment. 
3. Even if a Santobello claim could be brought here, the record does not support Smith's
claim that the plea bargain was not followed. The record does not contain the plea bargain. 
The plea hearing apparently was not recorded. Rule 13.1(a) provides that the court reporter
must, "unless excused by agreement of the parties, attend court sessions and make a full
record of the proceedings[.]" Tex. R. App. P. 13.1(a). On this record, we do not know
whether or not the parties agreed to dispense with a recording of the plea hearing. 
4. Exhibit 2 contains the report by the SAFPF psychologist, who wrote that "[i]n [his]
professional opinion," Smith "represents an immediate and [i]mmanent danger to all persons
on the Estelle SAFPF compound." The psychologist recommended that Smith be kept "off
SAFPF." Two exhibits are Smith's handwritten responses to SAFPF writing assignments;
Smith's responses contain graphic descriptions of violent acts he has contemplated
committing. Exhibit 3 is a report from the treatment and security staff at SAFPF that
requests a psychiatric discharge for Smith because of the graphic violent acts he claims he
has committed and threats of more of the same.