# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-08-00529-CR
NO. 03-08-00530-CR

**Priscilla Lucero, Appellant**

**v.**

**The State of Texas, Appellee**

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT
NOS. D-1-DC-05-301615 & D-1-DC-05-301658
HONORABLE BOB PERKINS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Priscilla Lucero pleaded guilty to the offenses of forgery and fraudulent use of identifying information.[1]  *See* Tex. Penal Code Ann. §§ 32.21, .51 (West Supp. 2008).  In each case, Lucero was sentenced to eight years' imprisonment with 180 days shock probation.  At the completion of shock probation, the district court placed Lucero on community supervision for seven years and six months, the remainder of her sentence.  Subsequently, the State filed a motion to revoke community supervision in each case.  The motions alleged a total of eight administrative violations and the commission of a subsequent criminal offense, namely, theft of service.  *See id.* § 31.04 (West Supp. 2008).

---

[1] The forgery offense is cause number D-1-DC-05-301615 below and 03-08-00529-CR on appeal.  The fraudulent use of identifying information offense is cause number D-1-DC-05-301658 below and 03-08-00530-CR on appeal.

At the revocation hearing, Lucero pleaded true to the administrative violations but not true to committing the subsequent criminal offense. The district court revoked Lucero's probation in both cases and sentenced her to eight years' imprisonment in each case, with the sentences to run concurrently. In two points of error, Lucero contends that the State failed to prove that she committed the offense of theft of services and asserts that the State deprived her of notice by introducing evidence of an extraneous offense not alleged in the motion to revoke community supervision. We will affirm the judgments.

## STANDARD OF REVIEW

We review the district court's decision to revoke probation for abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). Abuse of discretion occurs "only when the trial judge's decision was so clearly wrong as to lie outside the zone within which reasonable persons might disagree." *Cantu v. State*, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992).

## ANALYSIS

In her first point of error, Lucero argues that the State failed to prove its allegation that she committed the offense of theft of service. However, Lucero pleaded true to each of the administrative violations alleged in the State's motions.[2] A plea of true, standing alone, is sufficient

---

[2] In cause number D-1-DC-05-301615, the administrative violations were failure to report to Lucero's probation officer, failure to pay court costs, failure to pay fine, failure to pay restitution, and failure to complete 300 community service restitution hours. In cause number D-1-DC-05-301615, the administrative violations were, in addition to the above, failure to pay supervision fees, failure to pay attorney's fees, and failure to pay a Crime Stoppers fee.

to support the revocation of probation. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979); *Atchison v. State*, 124 S.W.3d 755, 758 n.4 (Tex. App.—Austin 2003, pet. ref'd); *see also Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. 1980) (holding that when one sufficient ground for revocation is shown, reviewing court does not need to address other contentions raised since one probation violation will support trial court's order revoking probation). Lucero claims that the district court's ruling revoking her probation was based solely on the State's allegation that she committed theft of service. To the contrary, the judgment states that the district court also relied on the administrative violations in revoking Lucero's probation.

We overrule Lucero's first point of error.

In her second point of error, Lucero asserts that she was deprived of her right to notice under the due process clause by the introduction of evidence of acts not alleged in the motions to revoke community supervision. During the revocation hearing, evidence was presented that Lucero had rented a refrigerator and a mattress from a rent-to-own store and had stopped making payments on these items. In Lucero's view, because these allegations were not mentioned in the State's motions to revoke, the district court erred in considering this testimony when revoking her probation. *See Caddell v. State*, 605 S.W.2d 275, 277 (Tex. Crim. App. 1980) ("[T]he authority of the trial judge to revoke probation is limited by the allegations of which the probationer has due notice, those which are contained in the written motion to revoke filed during the term of the probationary period.").

When the State's witness at the revocation hearing first testified on direct about the complained-of evidence, Lucero did not object to the testimony. Then, when the witness returned

3

to the subject on cross, Lucero objected only to the witness "confusing the issue." She did not, however, object on grounds of due process or lack of notice. Nor did she raise the objection at any other point in the proceedings. Therefore, nothing is presented for review. *See* Tex. R. App. P. 33.1(a); *Rogers v. State*, 640 S.W.2d 248, 263-64 (Tex. Crim. App. 1982) (second op. on reh'g) (holding that probationer waives error if he fails to raise due process objection in trial court, "either at the time the judge continues the hearing and/or probation, or at the time of actual revocation or at the time of sentencing").

We overrule Lucero's second point of error.

## CONCLUSION

We affirm the judgments of the district court.

_____

Bob Pemberton, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed: July 3, 2009

Do Not Publish