TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-08-00529-CR

NO. 03-08-00530-CR






Priscilla Lucero, Appellant


v.


The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT

NOS. D-1-DC-05-301615 & D-1-DC-05-301658

HONORABLE BOB PERKINS, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 Priscilla Lucero pleaded guilty to the offenses of forgery and fraudulent use of
identifying information. (1) See Tex. Penal Code Ann. §§ 32.21, .51 (West Supp. 2008). In each
case, Lucero was sentenced to eight years' imprisonment with 180 days shock probation. At the
completion of shock probation, the district court placed Lucero on community supervision for
seven years and six months, the remainder of her sentence. Subsequently, the State filed a motion
to revoke community supervision in each case. The motions alleged a total of eight administrative
violations and the commission of a subsequent criminal offense, namely, theft of service. See id.
§ 31.04 (West Supp. 2008).

 At the revocation hearing, Lucero pleaded true to the administrative violations but not
true to committing the subsequent criminal offense. The district court revoked Lucero's probation
in both cases and sentenced her to eight years' imprisonment in each case, with the sentences to
run concurrently. In two points of error, Lucero contends that the State failed to prove that she
committed the offense of theft of services and asserts that the State deprived her of notice by
introducing evidence of an extraneous offense not alleged in the motion to revoke community
supervision. We will affirm the judgments.


STANDARD OF REVIEW

 We review the district court's decision to revoke probation for abuse of discretion.
Rickels v. State, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); Cardona v. State, 665 S.W.2d
492, 493 (Tex. Crim. App. 1984). Abuse of discretion occurs "only when the trial judge's decision
was so clearly wrong as to lie outside the zone within which reasonable persons might disagree." 
Cantu v. State, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992). 


ANALYSIS In her first point of error, Lucero argues that the State failed to prove its allegation
that she committed the offense of theft of service. However, Lucero pleaded true to each of the
administrative violations alleged in the State's motions. (2) A plea of true, standing alone, is sufficient
to support the revocation of probation. Moses v. State, 590 S.W.2d 469, 470 (Tex. Crim. App.
1979); Atchison v. State, 124 S.W.3d 755, 758 n.4 (Tex. App.--Austin 2003, pet. ref'd); see also
Sanchez v. State, 603 S.W.2d 869, 871 (Tex. Crim. App. 1980) (holding that when one sufficient
ground for revocation is shown, reviewing court does not need to address other contentions raised
since one probation violation will support trial court's order revoking probation). Lucero claims that
the district court's ruling revoking her probation was based solely on the State's allegation that she
committed theft of service. To the contrary, the judgment states that the district court also relied on
the administrative violations in revoking Lucero's probation.

 We overrule Lucero's first point of error. 

 In her second point of error, Lucero asserts that she was deprived of her right to notice
under the due process clause by the introduction of evidence of acts not alleged in the motions to
revoke community supervision. During the revocation hearing, evidence was presented that Lucero
had rented a refrigerator and a mattress from a rent-to-own store and had stopped making payments
on these items. In Lucero's view, because these allegations were not mentioned in the State's
motions to revoke, the district court erred in considering this testimony when revoking her probation. 
See Caddell v. State, 605 S.W.2d 275, 277 (Tex. Crim. App. 1980) ("[T]he authority of the
trial judge to revoke probation is limited by the allegations of which the probationer has due
notice, those which are contained in the written motion to revoke filed during the term of the
probationary period.").

 When the State's witness at the revocation hearing first testified on direct about the
complained-of evidence, Lucero did not object to the testimony. Then, when the witness returned
to the subject on cross, Lucero objected only to the witness "confusing the issue." She did not,
however, object on grounds of due process or lack of notice. Nor did she raise the objection at any
other point in the proceedings. Therefore, nothing is presented for review. See Tex. R. App. P.
33.1(a); Rogers v. State, 640 S.W.2d 248, 263-64 (Tex. Crim. App. 1982) (second op. on reh'g)
(holding that probationer waives error if he fails to raise due process objection in trial court, "either
at the time the judge continues the hearing and/or probation, or at the time of actual revocation or
at the time of sentencing").

 We overrule Lucero's second point of error.


CONCLUSION

 We affirm the judgments of the district court.



 __________________________________________

 Bob Pemberton, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed: July 3, 2009

Do Not Publish

1. The forgery offense is cause number D-1-DC-05-301615 below and 03-08-00529-CR on
appeal. The fraudulent use of identifying information offense is cause number D-1-DC-05-301658
below and 03-08-00530-CR on appeal. 
2. In cause number D-1-DC-05-301615, the administrative violations were failure to report
to Lucero's probation officer, failure to pay court costs, failure to pay fine, failure to pay restitution,
and failure to complete 300 community service restitution hours. In cause number D-1-DC-05-301615, the administrative violations were, in addition to the above, failure to pay supervision fees,
failure to pay attorney's fees, and failure to pay a Crime Stoppers fee.