NO. 07-09-0337-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



JANUARY 15, 2010



______________________________




JARRETT JERMAINE WILLIAMS, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee



_________________________________



FROM THE 242ND DISTRICT COURT OF HALE COUNTY;



NO. B15558-0406; HON. ED SELF, PRESIDING



_______________________________



Anders Opinion



_______________________________



Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 Appellant Jarrett Jermaine Williams appeals from an order adjudicating him guilty
of the offense of robbery. Pursuant to a plea agreement, appellant pled guilty to the
offense, and the trial court deferred the adjudication of his guilt and placed him on
community supervision for five years. Subsequently, the State moved the trial court to
proceed with the adjudication of appellant's guilt. Appellant pled true to the alleged
violations of the terms of his community supervision, and the trial court adjudicated his guilt
and sentenced him to ten years in prison. The trial court certified that appellant had the
right to appeal. 

 Appellant's counsel has now moved to withdraw, after filing a brief pursuant to
Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and
representing that he has searched the record and found no arguable grounds for reversal. 
The motion and brief illustrate that appellant was informed of his right to review the
appellate record and file his own brief. So too did we inform appellant that any pro se
response or brief he cared to file had to be filed by January 7, 2010. To date, appellant
has filed no pro se response or brief. 

 In compliance with the principles enunciated in Anders, appellate counsel discussed
one potential area for appeal, that issue being the legal and factual sufficiency of the
evidence. However, counsel goes on to explain why the issue is without merit. 

 We have also conducted an independent review of the record to determine whether
there existed reversible error and found none. Stafford v. State, 813 S.W.2d 503, 511
(Tex. Crim. App. 1991) (requiring us to conduct an independent review). The record
illustrates that no appeal was taken within thirty days from the date of appellant's guilty
plea and the order to defer adjudication of his guilt. When the adjudication of an accused's
guilt is deferred and the individual is placed on community supervision, complaints
involving the original plea proceeding must be raised on appeal immediately after deferred
adjudication is imposed. Nix v. State, 65 S.W.3d 664, 667 (Tex. Crim. App. 2001); Manuel
v. State, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999). The only instance in which they
may thereafter be raised by direct appeal concerns error rendering the judgment void, Nix
v. State, 65 S.W.3d at 667-68, of which there is no evidence in the record. Thus, we have
no jurisdiction over any purported error arising from or prior to the plea hearing. 
Furthermore, appellant pled true to the violations of his community supervision, and his
plea alone is sufficient to support the finding that appellant violated his probation. Atchison
v. State, 124 S.W.3d 755, 758-59 (Tex. App.-Austin 2003, pet. ref'd). The punishment
assessed was also within the range prescribed by law. Tex. Penal Code Ann. §§29.02(b)
&12.33(a) (Vernon 2003 & Supp. 2009).

 Accordingly, we grant counsel's motion to withdraw and affirm the judgment of the
trial court.


 Brian Quinn

 Chief Justice


Do not publish.



the rules of statutory construction by
failing to apply the plain meaning of the text. However, assuming arguendo that our
consideration of the statute was strictly limited to its language, we would be forced to ignore
the line of cases holding incarceration alone does not support termination of parental rights. 
Thus, because the statute speaks in terms of the "parent's . . . inability to care for the child"
and not their ability to provide for or arrange care for the child, we would be constrained to
conclude that trial courts would not be able to consider evidence that others would be able
to care for the child during the parent's incarceration. In our original opinion, we explicated
why we found this construction, which was advocated by the Department, unpersuasive.

 Finally, appellant argues that requiring the Department to first find others who might
provide care for the child, and then, to disprove their capacity as potential caregivers, is not
an unreasonable burden because the Department could obtain such information through
discovery or direct questioning of the parent. However, to do so would be to make the very
type of statutory addition appellant argues is improper. We are convinced our original
holding outlines a procedure by which the Department must establish each element
required for termination by the statute while at the same time preserving the longstanding
rule that termination of parental rights may not be based on imprisonment alone. 

 Appellant's motion for rehearing is overruled. 


 John T. Boyd

 Chief Justice


Publish.
1. Here, however, the Department went further and elicited testimony from appellant
that he knew he could not care for Ashley while he was in prison.