NO. 07-09-0337-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 15, 2010

_____

JARRETT JERMAINE WILLIAMS,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO.  B15558-0406; HON. ED SELF, PRESIDING

_____

***Anders Opinion***

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Jarrett Jermaine Williams appeals from an order adjudicating him guilty of the offense of robbery.  Pursuant to a plea agreement, appellant pled guilty to the offense, and the trial court deferred the adjudication of his guilt and placed him on

community supervision for five years. Subsequently, the State moved the trial court to proceed with the adjudication of appellant's guilt. Appellant pled true to the alleged violations of the terms of his community supervision, and the trial court adjudicated his guilt and sentenced him to ten years in prison. The trial court certified that appellant had the right to appeal.

Appellant's counsel has now moved to withdraw, after filing a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and representing that he has searched the record and found no arguable grounds for reversal. The motion and brief illustrate that appellant was informed of his right to review the appellate record and file his own brief. So too did we inform appellant that any *pro se* response or brief he cared to file had to be filed by January 7, 2010. To date, appellant has filed no *pro se* response or brief.

In compliance with the principles enunciated in *Anders,* appellate counsel discussed one potential area for appeal, that issue being the legal and factual sufficiency of the evidence. However, counsel goes on to explain why the issue is without merit.

We have also conducted an independent review of the record to determine whether there existed reversible error and found none. *Stafford v. State,* 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (requiring us to conduct an independent review). The record illustrates that no appeal was taken within thirty days from the date of appellant's guilty plea and the order to defer adjudication of his guilt. When the adjudication of an accused's guilt is deferred and the individual is placed on community supervision, complaints involving the original plea proceeding must be raised on appeal immediately after deferred

2

adjudication is imposed. *Nix v. State,* 65 S.W.3d 664, 667 (Tex. Crim. App. 2001); *Manuel v. State,* 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999). The only instance in which they may thereafter be raised by direct appeal concerns error rendering the judgment void, *Nix v. State,* 65 S.W.3d at 667-68, of which there is no evidence in the record. Thus, we have no jurisdiction over any purported error arising from or prior to the plea hearing. Furthermore, appellant pled true to the violations of his community supervision, and his plea alone is sufficient to support the finding that appellant violated his probation. *Atchison v. State,* 124 S.W.3d 755, 758-59 (Tex. App.–Austin 2003, pet. ref'd). The punishment assessed was also within the range prescribed by law. TEX. PENAL CODE ANN. §§29.02(b) &12.33(a) (Vernon 2003 & Supp. 2009).

Accordingly, we grant counsel's motion to withdraw and affirm the judgment of the trial court.

Brian Quinn
Chief Justice

Do not publish.

3