NO. 07-09-0380-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 28, 2010
_____

GLENDA SUE TIFFIN,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 64TH DISTRICT COURT OF SWISHER COUNTY;

NO. A3875-0406; HON. ROBERT W. KINKAID, JR., PRESIDING
_____

***Anders Opinion***
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant Glenda Sue Tiffin appeals her conviction for tampering with a governmental record, a state jail felony. Pursuant to a plea agreement, she pled guilty to the offense, and the trial court placed her on community supervision for three years. Subsequently, the State moved the trial court to revoke appellant's probation. She pled true to the alleged violations of the terms of her community supervision, and the trial court held a hearing. Upon completion of the hearing, the trial court revoked appellant's

probation and sentenced her to two years in a state jail facility. The trial court certified that appellant had the right to appeal.

Appellant's counsel has now moved to withdraw, after filing a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), representing that he has searched the record and found no arguable grounds for reversal. The motion and brief illustrate that appellant was informed of her right to review the appellate record and file her own brief. So too did we inform her that any *pro se* response or brief she cared to file had to be filed by April 19, 2010. To date, she has filed no such response or brief.

In compliance with the principles enunciated in *Anders,* appellate counsel discussed each phase of the case including the original plea of guilty, the revocation hearing which included appellant entering a plea of true to the motion's allegations and the "propriety of the $1,000.00 sanction fine imposed on Appellant in the first revocation proceeding." However, counsel goes on to explain why the issues are without merit.

We have also conducted an independent review of the record to determine whether there existed reversible error and found none. *Stafford v. State,* 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (requiring us to conduct an independent review of the record). A plea of true alone is sufficient to support the finding that appellant violated her probation. *Atchison v. State*, 124 S.W.3d 755, 758-59 (Tex. App.–Austin 2003, pet. ref'd). The punishment assessed was also within the range prescribed by law. TEX. PENAL CODE ANN. §§37.10(c)(1) & 12.35(a) (Vernon Supp. 2009).

Accordingly, we grant counsel's motion to withdraw and affirm the judgment of the trial court.[1]

Brian Quinn
Chief Justice

Do not publish.

---

[1]Appellant has the right to file a *pro se* petition for discretionary review from this opinion.