TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-09-00377-CR






Steven Gregory Schellenberg, Appellant


v.


The State of Texas, Appellee






FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT

NO. 33,672, HONORABLE GUILFORD L. JONES III, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 Steven Gregory Schellenberg pleaded guilty to the offense of burglary of a habitation
and was sentenced to ten years' imprisonment and a $1,000 fine. The district court suspended
imposition of the sentence and placed Schellenberg on community supervision for ten years.
Subsequently, the State filed a motion to revoke community supervision. The motion alleged that
Schellenberg violated the terms of his community supervision by (1) communicating with his wife
in a manner that violated a protective order, (2) failing to report as directed to his probation officer,
(3) failing to participate in required community service, and (4) failing to pay various court-ordered
costs, fees, restitution, and fines.

 At the revocation hearing, Schellenberg pleaded not true to violating the protective
order but true to the other violations. The district court then proceeded to hear evidence from
both Schellenberg and the State. After both sides closed, the district court found the allegation
to which Schellenberg pleaded "not true" to be not true, but found the allegations to which
Schellenberg pleaded "true" to be true. The case then proceeded to sentencing, and the district court,
after hearing evidence, revoked Schellenberg's community supervision and sentenced him to
ten years' imprisonment as originally assessed. This appeal followed.

 We review the district court's decision to revoke probation for abuse of discretion.
Rickels v. State, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); Cardona v. State, 665 S.W.2d 492,
493 (Tex. Crim. App. 1984). Abuse of discretion occurs "only when the trial judge's decision was
so clearly wrong as to lie outside the zone within which reasonable persons might disagree." Cantu
v. State, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992).

 In his first point of error, Schellenberg asserts that the district court abused its
discretion in admitting evidence that, according to Schellenberg, was hearsay. The evidence of
which Schellenberg complains relates to his alleged violation of the protective order. However, the
district court found this allegation to be not true. Thus, any error in the admission of the evidence
was harmless. See Tex. R. App. P. 44.2(b).

 Schellenberg pleaded true to the other allegations in the motion to revoke. A plea of
true, standing alone, is sufficient to support the revocation of probation. Moses v. State, 590 S.W.2d
469, 470 (Tex. Crim. App. 1979); Atchison v. State, 124 S.W.3d 755, 758 n.4 (Tex. App.--Austin
2003, pet. ref'd); see also Sanchez v. State, 603 S.W.2d 869, 871 (Tex. Crim. App. 1980) (holding
that when one sufficient ground for revocation is shown, reviewing court does not need to address
other contentions raised since one probation violation will support trial court's order revoking
probation). 

 We overrule Schellenberg's first point of error. 

 In his second point of error, Schellenberg claims that the district court violated his
"right to due process by imposing the maximum sentence, without consideration of mitigating
evidence." Schellenberg did not raise this complaint in the district court. As a prerequisite to
presenting a complaint for appellate review, the record must show that the complaint was made
to the trial court by a timely request, objection, or motion that stated the grounds for the ruling that
the complaining party sought from the trial court with sufficient specificity to make the trial court
aware of the complaint. Tex. R. App. P. 33.1(a)(1). The contemporaneous objection rule applies
in the context of appeals from orders revoking community supervision. See, e.g., Rogers v. State,
640 S.W.2d 248, 263-64 (Tex. Crim. App. 1982) (second op. on reh'g) (holding that probationer
waives error if he fails to raise due process objection in trial court, "either at the time the judge
continues the hearing and/or probation, or at the time of actual revocation or at the time of
sentencing"); Teixeira v. State, 89 S.W.3d 190, 192 (Tex. App.--Texarkana 2002, pet. ref'd)
(holding that, for one to preserve complaint for appeal that trial court failed to consider full range
of punishment, error, if any, must be raised to trial court). Here, Schellenberg never objected to the
district court's sentence, either during the hearing or subsequently in his motion for new trial.
Accordingly, nothing is presented for review. See Tex. R. App. P. 33.1(a). Moreover, there is
nothing in the record to indicate that the district court did not consider the full range of punishment
or deny Schellenberg the opportunity to present mitigating evidence. We also observe that
Schellenberg was convicted of a second-degree felony offense for which the maximum sentence is
twenty years' imprisonment and a $10,000 fine. See Tex. Penal Code Ann. § 12.33 (West Supp.
2009). The district court sentenced Schellenberg to ten years' imprisonment and a $1,000 fine.

 We overrule Schellenberg's second point of error.

 We affirm the district court's order revoking community supervision.



 __________________________________________

 Bob Pemberton, Justice

Before Chief Justice Jones, Justices Pemberton and Waldrop

Affirmed

Filed: June 17, 2010

Do Not Publish