# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00377-CR

**Steven Gregory Schellenberg, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT NO. 33,672, HONORABLE GUILFORD L. JONES III, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Steven Gregory Schellenberg pleaded guilty to the offense of burglary of a habitation and was sentenced to ten years' imprisonment and a $1,000 fine. The district court suspended imposition of the sentence and placed Schellenberg on community supervision for ten years. Subsequently, the State filed a motion to revoke community supervision. The motion alleged that Schellenberg violated the terms of his community supervision by (1) communicating with his wife in a manner that violated a protective order, (2) failing to report as directed to his probation officer, (3) failing to participate in required community service, and (4) failing to pay various court-ordered costs, fees, restitution, and fines.

At the revocation hearing, Schellenberg pleaded not true to violating the protective order but true to the other violations. The district court then proceeded to hear evidence from both Schellenberg and the State. After both sides closed, the district court found the allegation

to which Schellenberg pleaded "not true" to be not true, but found the allegations to which Schellenberg pleaded "true" to be true. The case then proceeded to sentencing, and the district court, after hearing evidence, revoked Schellenberg's community supervision and sentenced him to ten years' imprisonment as originally assessed. This appeal followed.

We review the district court's decision to revoke probation for abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). Abuse of discretion occurs "only when the trial judge's decision was so clearly wrong as to lie outside the zone within which reasonable persons might disagree." *Cantu v. State*, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992).

In his first point of error, Schellenberg asserts that the district court abused its discretion in admitting evidence that, according to Schellenberg, was hearsay. The evidence of which Schellenberg complains relates to his alleged violation of the protective order. However, the district court found this allegation to be not true. Thus, any error in the admission of the evidence was harmless. *See* Tex. R. App. P. 44.2(b).

Schellenberg pleaded true to the other allegations in the motion to revoke. A plea of true, standing alone, is sufficient to support the revocation of probation. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979); *Atchison v. State*, 124 S.W.3d 755, 758 n.4 (Tex. App.—Austin 2003, pet. ref'd); *see also Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. 1980) (holding that when one sufficient ground for revocation is shown, reviewing court does not need to address other contentions raised since one probation violation will support trial court's order revoking probation).

We overrule Schellenberg's first point of error.

In his second point of error, Schellenberg claims that the district court violated his "right to due process by imposing the maximum sentence, without consideration of mitigating evidence." Schellenberg did not raise this complaint in the district court. As a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion that stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint. Tex. R. App. P. 33.1(a)(1). The contemporaneous objection rule applies in the context of appeals from orders revoking community supervision. *See, e.g.*, *Rogers v. State*, 640 S.W.2d 248, 263-64 (Tex. Crim. App. 1982) (second op. on reh'g) (holding that probationer waives error if he fails to raise due process objection in trial court, "either at the time the judge continues the hearing and/or probation, or at the time of actual revocation or at the time of sentencing"); *Teixeira v. State*, 89 S.W.3d 190, 192 (Tex. App.—Texarkana 2002, pet. ref'd) (holding that, for one to preserve complaint for appeal that trial court failed to consider full range of punishment, error, if any, must be raised to trial court). Here, Schellenberg never objected to the district court's sentence, either during the hearing or subsequently in his motion for new trial. Accordingly, nothing is presented for review. *See* Tex. R. App. P. 33.1(a). Moreover, there is nothing in the record to indicate that the district court did not consider the full range of punishment or deny Schellenberg the opportunity to present mitigating evidence. We also observe that Schellenberg was convicted of a second-degree felony offense for which the maximum sentence is

3

twenty years' imprisonment and a $10,000 fine.  *See* Tex. Penal Code Ann. § 12.33 (West Supp. 2009).  The district court sentenced Schellenberg to ten years' imprisonment and a $1,000 fine.

We overrule Schellenberg's second point of error.

We affirm the district court's order revoking community supervision.

_____

Bob Pemberton, Justice

Before Chief Justice Jones, Justices Pemberton and Waldrop

Affirmed

Filed:   June 17, 2010

Do Not Publish

4