

## NUMBER 13-10-00259-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

---

JODY BYRUM,                                                                          Appellant,

v.

THE STATE OF TEXAS,                                                                  Appellee.

---

### On appeal from the 94th District Court
### of Nueces County, Texas.

---

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Benavides
### Memorandum Opinion by Justice Rodriguez

Appellant Jody Byrum challenges the sentence imposed by the trial court after the revocation of his community supervision. By one issue, Byrum argues that the sentence was unconstitutionally disproportionate to the seriousness of his community supervision violations. *See* U.S. CONST. amends. VIII, XIV. We affirm.

## I.    BACKGROUND

Byrum was indicted for third-degree felony family violence assault, which was enhanced by a prior conviction for assault against a family member. *See* TEX. PENAL CODE ANN. § 22.01(a)(1), (b)(2) (Vernon Supp. 2010). After pleading guilty, the trial court deferred Byrum's adjudication and placed him on community supervision for a term of five years. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(a) (Vernon Supp. 2010).

Approximately six months after Byrum was placed on deferred adjudication community supervision, the State filed a motion to revoke. The motion alleged the following violations: that Byrum committed the offense of assault against a family member; and that Byrum had contact with a family member in violation of a term of his community supervision that prohibited such contact. At the hearing on the State's motion to revoke, Byrum pleaded true to the contact violation but pleaded not true to the alleged assault violation, and the trial court heard testimony from various witnesses. The trial court then found that all the allegations were true, adjudicated Byrum's guilt, and sentenced him to six years' incarceration in the Institutional Division of the Texas Department of Criminal Justice. This appeal followed.

## II.    DISCUSSION

By one issue, Byrum argues that his sentence of six years' incarceration violates the Eighth and Fourteenth Amendments of the United States Constitution because it is disproportionate to the seriousness of the violations of his community supervision terms. *See* U.S. CONST. amends. VIII, XIV. Byrum waived this issue, however, because he failed to object to his sentence.

2

To "preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired." *Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.–Houston [1st Dist.] 2007, pet. ref'd). So long as the sentence was within the statutory range of punishment and is therefore not illegal, the right to a proportionate sentence is "not so fundamental as to have relieved [an appellant] of the necessity of a timely, specific trial objection." *Trevino v. State*, 174 S.W.3d 925, 927-28 (Tex. App.–Corpus Christi 2005, pet. ref'd); *see also Deantes v. State*, No. 13-09-00215-CR, 2010 WL 2432090, at *3 (Tex. App.–Corpus Christi June 17, 2010, no pet.) (mem. op., not designated for publication).

Here, Byrum's sentence was within the prescribed range of punishment for a third-degree felony. *See* TEX. PENAL CODE ANN. § 12.34(a) (Vernon Supp. 2010) (providing that a defendant "adjudged guilty of a felony of the third degree shall be punished by imprisonment . . . for any term of not more than 10 years or less than 2 years"). And he did not make any objection, either at the revocation hearing or in any post-trial motion, to his punishment. Absent a timely and specific objection, we conclude Byrum has waived this issue, and it is therefore not properly before this Court on appeal.[1] *See* TEX. R. APP. P. 33.1(a); *Noland*, 264 S.W.3d at 151; *Trevino*, 174 S.W.3d at 927-28. Byrum's sole issue is overruled.

---

[1] Even if Byrum had preserved this issue, however, the proper inquiry in a proportionality determination would be whether the sentence was proportionate to the underlying crime for which Byrum was convicted. *See Atchison v. State*, 124 S.W.3d 755, 760 (Tex. App.–Austin 2003, pet. ref'd) (citing *Sullivan v. State*, 975 S.W.2d 755, 756 (Tex. App.–Corpus Christi 1998, no pet.); *Fielding v. State*, 719 S.W.2d 361, 363 (Tex. App.–Dallas 1986, pet. ref'd)). Here, Byrum argues only that his sentence was disproportionate to the alleged violations of his community supervision terms, which presents nothing for our review.

###### III.     CONCLUSION

We affirm the trial court's judgment.


                                        NELDA V. RODRIGUEZ
                                        Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 9th
day of December, 2010.