NUMBER 13-10-00259-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI - EDINBURG  

                                                                                                                     


 

JODY BYRUM,                                                                                    Appellant,

 

v.

 

THE STATE OF TEXAS,                         
                            Appellee.

                                                                                                                     
  

 

On appeal from the 94th
District Court 

of Nueces County,
Texas.

       
                                                                                                              

 

MEMORANDUM OPINION

 

Before Chief Justice
Valdez and Justices Rodriguez and Benavides  

Memorandum Opinion by
Justice Rodriguez

                                                                                                            

            Appellant Jody Byrum challenges the sentence
imposed by the trial court after the revocation of his community supervision. 
By one issue, Byrum argues that the sentence was unconstitutionally
disproportionate to the seriousness of his community supervision violations.  See
U.S. Const. amends. VIII, XIV. 
We affirm.

I.          Background

 

            Byrum was indicted for third-degree felony
family violence assault, which was enhanced by a prior conviction for assault
against a family member.  See Tex.
Penal Code Ann. § 22.01(a)(1), (b)(2) (Vernon Supp. 2010).  After
pleading guilty, the trial court deferred Byrum's adjudication and placed him
on community supervision for a term of five years.  See Tex. Code Crim. Proc. Ann. art. 42.12,
§ 5(a) (Vernon Supp. 2010).

            Approximately six months after Byrum was
placed on deferred adjudication community supervision, the State filed a motion
to revoke.  The motion alleged the following violations:  that Byrum committed
the offense of assault against a family member; and that Byrum had contact with
a family member in violation of a term of his community supervision that
prohibited such contact.  At the hearing on the State's motion to revoke, Byrum
pleaded true to the contact violation but pleaded not true to the alleged assault
violation, and the trial court heard testimony from various witnesses.  The
trial court then found that all the allegations were true, adjudicated Byrum's
guilt, and sentenced him to six years' incarceration in the Institutional
Division of the Texas Department of Criminal Justice.  This appeal followed.

II.         Discussion

 

            By one issue, Byrum argues that his sentence
of six years' incarceration violates the Eighth and Fourteenth Amendments of
the United States Constitution because it is disproportionate to the
seriousness of the violations of his community supervision terms.  See U.S. Const. amends. VIII, XIV.  Byrum
waived this issue, however, because he failed to object to his sentence.

            To "preserve for appellate review a
complaint that a sentence is grossly disproportionate, constituting cruel and
unusual punishment, a defendant must present to the trial court a timely
request, objection, or motion stating the specific grounds for the ruling
desired."  Noland v. State, 264 S.W.3d 144, 151 (Tex. App.–Houston
[1st Dist.] 2007, pet. ref'd).  So long as the sentence was within the
statutory range of punishment and is therefore not illegal, the right to a
proportionate sentence is "not so fundamental as to have relieved [an
appellant] of the necessity of a timely, specific trial objection."  Trevino
v. State, 174 S.W.3d 925, 927-28 (Tex. App.–Corpus Christi 2005, pet.
ref'd); see also Deantes v. State, No. 13-09-00215-CR, 2010 WL 2432090,
at *3 (Tex. App.–Corpus Christi June 17, 2010, no pet.) (mem. op., not designated
for publication).

            Here, Byrum's sentence was within the
prescribed range of punishment for a third-degree felony.  See Tex. Penal Code Ann. § 12.34(a) (Vernon
Supp. 2010) (providing that a defendant "adjudged guilty of a felony of
the third degree shall be punished by imprisonment . . . for any term of not
more than 10 years or less than 2 years").  And he did not make any
objection, either at the revocation hearing or in any post-trial motion, to his
punishment.  Absent a timely and specific objection, we conclude Byrum has
waived this issue, and it is therefore not properly before this Court on
appeal.[1] 
See Tex. R. App. P.
33.1(a); Noland, 264 S.W.3d at 151; Trevino, 174 S.W.3d at
927-28.  Byrum's sole issue is overruled.

III.        Conclusion

 

            We affirm the trial court's judgment.

                

 

                                                                                         NELDA
V. RODRIGUEZ

                                                                                         Justice

 

Do not publish.

Tex.
R. App. P.
47.2(b).

 

Delivered and filed
the 9th

day of December,
2010.

                                                                                                                                                            









[1]Even
if Byrum had preserved this issue, however, the proper inquiry in a
proportionality determination would be whether the sentence was proportionate
to the underlying crime for which Byrum was convicted.  See Atchison v.
State, 124 S.W.3d 755, 760 (Tex. App.–Austin 2003, pet. ref'd) (citing Sullivan
v. State, 975 S.W.2d 755, 756 (Tex. App.–Corpus Christi 1998, no pet.); Fielding
v. State, 719 S.W.2d 361, 363 (Tex. App.–Dallas 1986, pet. ref'd)).  Here,
Byrum argues only that his sentence was disproportionate to the alleged
violations of his community supervision terms, which presents nothing for our
review.