

# IN THE
# TENTH COURT OF APPEALS

## No. 10-11-00113-CR

**JUAN SAUCEDA, JR.,**

                                      **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                      **Appellee**

---

### From the 40th District Court
### Ellis County, Texas
### Trial Court No. 32886CR

---

## MEMORANDUM OPINION

---

Pursuant to a plea bargain agreement, Juan Sauceda, Jr.[1] pleaded guilty to the offense of aggravated assault and was placed on deferred adjudication community supervision for ten years. The State filed a motion to adjudicate guilt alleging two violations of the conditions of community supervision. The trial court held a hearing on the motion to adjudicate, and Sauceda pleaded true to the allegations. After hearing punishment evidence, the trial court adjudicated Sauceda's guilt and assessed his

---

[1] Juan Sauceda, Jr. is also known as John Sauceda, Jr.

punishment at fifteen years confinement. We reform the judgment and modify as reformed.

In the second issue on appeal, Sauceda argues that the trial court "abused its discretion by drawing unreasonable inferences from the evidence which produced an irrational decision to revoke [his] community supervision rather than continue him on the supervision." The State alleged that Sauceda violated his community supervision by committing the offense of evading arrest and by violating his curfew. Sauceda pleaded true to the allegations. Sauceda presented evidence that he had complied with all of the other conditions of his community supervision including paying all of his fees and attending required meetings. A community supervision and correction officer for Ellis County testified that the Department recommended that Sauceda be sentenced to an intermediate sanction facility for 90 days. Sauceda argues that the trial court's sentence of fifteen years confinement is a dramatic departure from the recommendation.

The trial court's order revoking community supervision is reviewed under an abuse of discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Antwine v. State*, 268 S.W.3d 634, 636 (Tex. App.— Eastland 2008, pet. ref'd). On violation of a condition of community supervision imposed under an order of deferred adjudication, the defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. TEX. CODE CRIM. PRO. ANN. art. 42.12, Section 5(b) (West Supp. 2011). This determination is reviewable in the same manner used to determine whether sufficient evidence

supported the trial court's decision to revoke community supervision. *Antwine v. State*, 268 S.W.3d at 636. In an adjudication hearing, the State must prove by a preponderance of the evidence that a defendant violated the terms of his community supervision. *Rickels v. State*, 202 S.W.3d at 763-4; *Antwine v. State*, 268 S.W.3d at 636. Proof of any one of the alleged violations of the conditions of community supervision is sufficient to support a revocation order. *Antwine v. State*, 268 S.W.3d at 636.

Sauceda pleaded true to the allegations alleged in the motion to revoke. The plea of true is sufficient to support a revocation. *Atchison v. State*, 124 S.W.3d 755, 758 n. 4 (Tex. App.—Austin 2003, pet. ref'd) (citing *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979)). The record shows that Sauceda has a significant criminal history which enhanced his range of punishment. The trial court imposed sentence within the applicable punishment range and the sentence was not "unreasonable" or "irrational". *See Nunez v. State*, 565 S.W.2d 536 (Tex. Crim. App. 1978). The trial court did not abuse its discretion in revoking Sauceda's community supervision. We overrule the second issue.

In the first issue, Sauceda argues that the judgment adjudicating his guilt includes a $2500 fine that was not orally pronounced in violation of TEX. CODE CRIM. PRO. ANN. art. 42.03 § 1(a) (West Supp. 2011). The record reflects, and the State concedes, that the trial court did not orally pronounce the $2500 fine in open court. When there is a conflict between the oral pronouncement of sentence and the sentence in the written judgment, the oral pronouncement controls. *Taylor v. State*, 131 S.W.3d

497, 502 (Tex. Crim. App. 2004).   We sustain Sauceda's first issue.   We delete the assessment of the fine from the trial court's judgment adjudicating Sauceda's guilt.  *Id*.

We reform the trial court's judgment to reflect that no fine was assessed.  We affirm the trial court's judgment as reformed.


AL SCOGGINS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirm as reformed
Opinion delivered and filed October 19, 2011
Do not publish
[CR25]