NO. 07-10-0511-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 22, 2011
_____

KEITH RAY MILLER,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 100TH DISTRICT COURT OF CARSON COUNTY;

NO. 3979; HONORABLE DAN MIKE BIRD, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Keith Ray Miller (appellant) appeals an order adjudicating him guilty of possessing marijuana in an amount greater than fifty pounds and less than 2,000 pounds. Through ten issues, he contends that the trial court abused its discretion by 1) failing to allow discovery of the videotape of appellant's traffic stop, 2) denying appellant's motion for a continuance, and 3) adjudicating appellant guilty when the State failed to prove by legally sufficient evidence the allegations contained in its motion to proceed with guilt. We affirm.

## Background

Appellant pled guilty to the charged offense and was placed on five years deferred adjudication. Subsequently, the State filed a motion to adjudicate appellant guilty of possessing marijuana. Through the motion, appellant was accused of violating the terms of his probation in several ways. He allegedly drove a motor vehicle while intoxicated, failed to report an arrest, and failed to satisfy certain financial obligations. The trial court set the State's motion for hearing, at which appellant appeared.

Before being asked to plead to the allegations, appellant sought a continuance because he had not had an opportunity to review the video of the stop which resulted in a DWI charge. The trial court denied both his requests for a copy of the video and for a continuance. Following that, he pled true to the allegation about failing to meet financial obligations. But, the omission was purportedly due to his inability to satisfy them.

A hearing was held and the State called Eli Rivera (Rivera) who was working for the police department for the city of Woodbranch at the time he stopped and arrested appellant. According to Rivera, he was working patrol when he heard a dispatch regarding a reckless driver. He then observed a vehicle matching the description in the dispatch and began following it. Subsequently, he observed appellant "fail to maintain a single marked lane." Rivera activated his lights, however, appellant did not stop immediately. The officer's suspicions were that appellant was under the influence of alcohol. When appellant stopped, Rivera observed him and a child passenger in the vehicle along with an open container of an alcoholic beverage in the center console. When the officer made contact with appellant, he observed bloodshot eyes and a very strong odor of alcoholic beverage on his breath. Appellant admitted to having

2

consumed an alcoholic beverage prior to the stop. After performing field sobriety tests, the officer concluded that appellant was driving impaired or under the influence of alcohol. Carol Holcomb, an adult probation officer, testified regarding appellant's failure to report and to meet his financial obligations. Furthermore, appellant was arrested and failed to report it within 48 hours and he consumed alcohol in violation of his probation conditions.

Appellant called Laverne Reese Miller (Miller), appellant's wife, to testify. She stated that appellant was injured at work and had become disabled. He had been receiving payments related to the disability but was no longer receiving same. She further testified that she was the sole source of income and that their two adult daughters were living at home. Appellant testified that he was disabled, that he was not drinking the night he was stopped and had submitted to a blood test. He denied the failure to report allegations and stated that he had either reported in person or in writing. In regards to the missed payments, he testified that he had $1800.00 still owed on his financial obligations but he was unable to make his payments due to his disability. He admitted that he did not report his arrest within 48 hours. The trial court found appellant had committed all of the allegations made in the State's motion and sentenced him to fifteen years in prison.

### Issues Three-Eight – Sufficiency

We begin our review by addressing issues three through eight. Through them, appellant questions the sufficiency of the evidence to support the trial court's decision to adjudicate his guilt. We overrule them.

As previously mentioned, appellant pled true to the allegation regarding his failure to report his arrest for DWI within 48 hours. Pleading true to an accusation is sufficient evidence upon which to adjudicate guilt and revoke probation. *Atchison v. State*, 124 S.W.3d 755, 758 n.4 (Tex. App.–Austin 2003, pet. ref'd). Indeed, an appellant cannot question the sufficiency of the evidence underlying the decision once he pled true. *See Cole v. State*, 578 S.W.2d 127,128 (Tex. Crim. App. [Panel Op.] 1979); *Moore v. State*, 11 S.W.3d 495, 498 n.1 (Tex. App.–Houston [14th Dist.] 2000, no pet.).

### *Issues One and Two – Discovery Motion and Continuance*

The first two issues before us involve the State's purported failure to provide appellant discovery, *i.e.* the video of his stop, and the trial court's refusal to grant his motion to continue. Both are overruled.

Regarding the continuance, appellant's motion was verbal. However, statute requires that it be written, TEX. CODE CRIM. PROC. ANN. art. 29.03 (West 2006), and sworn to. *Id.* art. 29.08. Because the latter requirements were not satisfied, appellant forfeited the right to complain about the decision. *Anderson v. State*, 301 S.W.3d 276, 280 (Tex. Crim. App. 2009).

As for the trial court's denial of his discovery motion, preservation of that complaint was dependent upon appellant moving for a continuance; that is, he was required to file a written and verified motion to continue. *Cudjo v. State*, 345 S.W.3d 177, 187 (Tex. App.–Houston [14th Dist.] 2011, no pet.). Since appellant did not, this complaint was also waived. *Id.* But, even if he had preserved the matter, we would consider the supposed error harmless, given his admission that he failed to report his

4

arrest within 48 hours.  That was enough to warrant the trial court's decision, and it did not involve the legitimacy of the stop for which the video could be relevant.

Accordingly, we affirm the judgment of the trial court.


Brian Quinn
Chief Justice

Do not publish.