ACCEPTED
06-15-00163-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
11/6/2015 11:49:46 AM
DEBBIE AUTREY
CLERK

## NO. 06-15-00163-CR

**IN THE COURT OF APPEALS FOR THE SIXTH COURT OF APPEALS DISTRICT TEXARKANA, TEXAS**

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
11/6/2015 11:49:46 AM
DEBBIE AUTREY
Clerk

# CHRISTOPHER WILLIAM MANN,

## Appellant

## v.

# THE STATE OF TEXAS,

## Appellee

## *ANDERS* BRIEF

On Appeal from the 264th District Court
of Bell County, Texas,
Trial Court Cause No. 71362

**E. Alan Bennett**
State Bar #02140700
Attorney for Appellant

Sheehy, Lovelace & Mayfield, P.C.
510 N. Valley Mills Dr., Ste. 500
Waco, Texas 76710
Telephone: (254) 772-8022
Telecopier: (254) 772-9297
Email: abennett@slmpc.com

# Identity of Parties and Counsel

Appellant, pursuant to Rule of Appellate Procedure 38.1(a), provides the following list of all parties to the trial court's judgment and the names and addresses of all trial and appellate counsel.

Christopher William Mann                                                    Appellant
TDCJ #01942096
Bartlett State Jail
1018 Arnold Drive
Bartlett, TX 76511

Michael F. White                                        Trial Counsel for Appellant
100 Kasberg Drive, #A
Temple, Texas  76502

E. Alan Bennett                                 Appellate Counsel for Appellant
510 North Valley Mills Dr., Ste. 500
Waco, Texas  76710

Terry E. Clark                                          Trial Counsel for the State
Assistant District Attorney

Bob D. Odom                                     Appellate Counsel for the State
Assistant District Attorney

Henry Garza
District Attorney

Bell County District Attorney's Office
P.O. Box 540
Belton, Texas  76513

# Table of Contents

Identity of Parties and Counsel..................................................................2

Table of Contents .......................................................................................3

Index of Authorities...................................................................................5

Statement of the Case ................................................................................7

Statement Regarding Oral Argument.........................................................7

Issues Presented .........................................................................................8

*Anders* Certification...................................................................................8

Statement of Facts ......................................................................................9

Summary of the Argument.........................................................................11

Argument ...................................................................................................12

    I.   The Trial Court Had Jurisdiction. ...........................................12

    II.  Mann Received Constitutionally Adequate Notice..............13

    III. The Evidence Supports the Trial Court's Decision. .............14

    IV. The Trial Court Sentenced Mann Within the Statutory Range. ...........15

    V.  Mann Received Effective Assistance of Counsel. .................16

    VI. Summary..................................................................................18

Prayer .........................................................................................................19

Certificate of Compliance ..........................................................................20

Certificate of Service .........................................................................................20

Appendix.............................................................................................................21

# Index of Authorities

## Federal Cases

*Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) .........11

*McCoy v. Court of Appeals,* 486 U.S. 429, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988) .....................................................................................................................11

*Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) ............................................................................................................... 16, 17

## Texas Cases

*Antwine v. State*, 268 S.W.3d 634 (Tex. App.—Amarillo 2008, pet. ref'd) .....14

*Aranda v. State*, No. 04–13–00307–CR, 2014 WL 2157537 (Tex. App.—San Antonio May 21, 2014, no pet.) (mem. op., not designated for publication) ....................................................................................................................16

*Atchison v. State*, 124 S.W.3d 755 (Tex. App.—Austin 2003, pet. ref'd).. 14, 15

*Duncan v. State*, 321 S.W.3d 53 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd) ............................................................................................................... 14, 15

*Dunn v. State*, 997 S.W.2d 885 (Tex. App.—Waco 1999, pet. ref'd)................14

*Ex parte Broadway*, 301 S.W.3d 694 (Tex. Crim. App. 2009).............................16

*Ex parte Ellis*, 233 S.W.3d 324 (Tex. Crim. App. 2007)......................................17

*Ex parte Huskins*, 176 S.W.3d 818 (Tex. Crim. App. 2005) ...............................16

*Garner v. State*, 545 S.W.2d 178 (Tex. Crim. App. 1977)...................................13

*Jenkins v. State*, 740 S.W.2d 435 (Tex. Crim. App. 1983)...................................14

*Johnson v. State*, 885 S.W.2d 641 (Tex. App.—Waco 1994, pet. ref'd).............11

*Jordan v. State*, 979 S.W.2d 75 (Tex. App.—Austin 1998), *aff'd on other grounds*, 36 S.W.3d 871 (Tex. Crim. App. 2001)................................................................11

*LaBelle v. State*, 720 S.W.2d 101 (Tex. Crim. App. 1986)....................................13

*Mills v. State*, No. 14–09–00867–CR, 2011 WL 397950 (Tex. App.—Houston [14th Dist.] Feb. 8, 2011, pet. ref'd) (mem. op., not designated for publication) ....................................................................................................................17

*Miniel v. State*, 831 S.W.2d 310 (Tex. Crim. App. 1992) ...................................17

*Moses v. State*, 590 S.W.2d 469 (Tex. Crim. App. [Panel Op.] 1979) ........ 14, 15

*Sanchez v. State*, 603 S.W.2d 869 (Tex. Crim. App. [Panel Op.] 1980)............14

*State v. Dunbar*, 297 S.W.3d 777 (Tex. Crim. App. 2009)........................... 12, 13

*Thompson v. State*, 9 S.W.3d 808 (Tex. Crim. App. 1999) ..................................17

*Torres v. State*, No. 09–13–00405–CR, 2014 WL 989705 (Tex. App.—Beaumont Mar. 12, 2014, no pet.) (mem. op., not designated for publication)...............16

*Von Schounmacher v. State*, 5 S.W.3d 221 (Tex. Crim. App. 1999)...................15

*Williams v. State*, 910 S.W.2d 83 (Tex. App.—El Paso 1995, no pet.).............14

## Texas Constitution

TEX. CONST. art. V, § 8 ........................................................................................12

## Texas Statutes

TEX. CODE CRIM. PROC. art. 4.05 ........................................................................12

TEX. CODE CRIM. PROC. art. 42.12, § 5...................................................... 12, 14

TEX. GOV'T CODE § 24.007 ................................................................................12

TEX. GOV'T CODE § 24.441 .................................................................................12

TEX. PEN. CODE § 22.02 ....................................................................................12

## Statement of the Case

Christopher William Mann pleaded "true" to fourteen alleged violations of his deferred adjudication community supervision for aggravated assault with a deadly weapon. (CR 34-36), (2 RR 6) The trial court, the Honorable Martha Trudo, Judge of the 264th District Court of Bell County, sentenced Mann to fourteen years' imprisonment. (CR 66-67), (4 RR 13) Mann timely filed his notice of appeal. (CR 60)

## Statement Regarding Oral Argument

Oral argument will not aid the Court's decisional process in this appeal.

# Issues Presented

A careful review of the record reveals no issues of arguable merit.

# *Anders* Certification

The undersigned counsel hereby certifies that he has provided Appellant Christopher William Mann: (1) a copy of this *Anders* brief, (2) a copy of the appellate record, and (3) a letter advising him of the right to file a *pro se* response. A copy of counsel's letter to Mann advising him of his rights is included in the Appendix to this brief.

## Statement of Facts

Mann pleaded "guilty" to assaulting Christian Bohannon "by striking her on or about the head, face and body" with a club that he used or exhibited as a deadly weapon. (CR 4, 18-25) The trial court placed Mann on two years' deferred adjudication community supervision in accordance with a plea agreement. (CR 28-31) The State filed a motion to adjudicate about six months later, alleging fourteen violations. (CR 34-36) Mann was not apprehended until almost a year later. (CR 38-41)

At the beginning of the hearing on the motion to adjudicate, the trial court advised Mann regarding his various rights and admonished him that the range of punishment was between two and twenty years' imprisonment and a fine of up to $10,000. (2 RR 4-5) The trial court also explained the effect of the deadly weapon allegation. (2 RR 5)

Mann pleaded "true" to the allegations. (2 RR 6) At the request of his counsel, the trial court postponed sentencing until an updated presentence investigation was conducted. (2 RR 7)

At sentencing, the trial court sustained the State's hearsay objection to Mann's proffer of a letter from the victim, Ms. Bohannon. (3 RR 4-5) Mann

testified and denied committing the assault he had pleaded "guilty" to in this case. (3 RR 7) Regardless, he asked the court to allow him to remain on deferred adjudication community supervision for a longer term or adjudicate his guilt and grant him regular community supervision. (3 RR 6-7) He explained further that the only reason he pleaded "guilty" was because he was tired of being in jail and the State had made such a low probation offer. (3 RR 7-8) The trial court granted a recess to allow Mann's attorney to secure Bohannon's testimony. (3 RR 11)

At the time of the adjudication hearing, Ms. Bohannon was in jail charged with capital murder. Her attorney advised the trial court that she would invoke her Fifth Amendment right and refuse to testify if called as a witness. (4 RR 5) Mann called her to testify, and she did just that. (4 RR 6-7)

Mann retook the stand and testified, consistent with the original presentence investigation report, that he had always maintained his innocence of the charge. (4 RR 8-10) Mann also criticized his attorney's performance. (4 RR 10-11)

Mann's attorney asked the court to grant him regular probation. (4 RR 12-13) The prosecutor asked the court to sentence him to "at least eight

years." The trial court adjudicated Mann's guilt and sentenced him to fourteen years' imprisonment. (CR 66-67), (4 RR 13)

## Summary of the Argument

Under *Anders v. California*, court-appointed counsel must not present an issue in an appeal if counsel has made a conscientious review of the entire record and finds the appeal to be wholly frivolous. 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967). "If the only theories that the attorney can discover after [a] conscientious review of the record and the law are 'arguments that cannot conceivably persuade the court,' then the appeal should be considered frivolous." *Johnson v. State*, 885 S.W.2d 641, 645 (Tex. App.—Waco 1994, pet. ref'd) (quoting *McCoy v. Court of Appeals*, 486 U.S. 429, 436, 108 S.Ct. 1895, 1901, 100 L.Ed.2d 440 (1988)) The undersigned counsel has carefully reviewed the record and, for the reasons set forth in this brief, has concluded that this appeal presents no issues of arguable merit. *See Jordan v. State*, 979 S.W.2d 75, 78 (Tex. App.—Austin 1998), *aff'd on other grounds*, 36 S.W.3d 871 (Tex. Crim. App. 2001).

# Argument

## I. The Trial Court Had Jurisdiction.

The State charged Mann with aggravated assault with a deadly weapon, a second degree felony. (CR 4) *See* TEX. PEN. CODE § 22.02(a)(2), (b). The 264th District Court of Bell County has subject-matter jurisdiction over felony charges. *See* TEX. CONST. art. V, § 8; TEX. CODE CRIM. PROC. art. 4.05; TEX. GOV'T CODE §§ 24.007(a), 24.441.

The presentment of the indictment against Mann gave the trial court jurisdiction over his person. *State v. Dunbar*, 297 S.W.3d 777, 780 (Tex. Crim. App. 2009). Further,

> [a] court retains jurisdiction to hold a hearing under Subsection (b) and to proceed with an adjudication of guilt, regardless of whether the period of community supervision imposed on the defendant has expired, if before the expiration the attorney representing the state files a motion to proceed with the adjudication and a capias is issued for the arrest of the defendant.

TEX. CODE CRIM. PROC. art. 42.12, § 5(h).

Regarding the timing of the motion to revoke, the State filed the motion, and the district clerk issued the capias on June 23, 2014, eighteen

months before Mann's term of community supervision expired. (CR 34-36, 39)

Therefore, the trial court had jurisdiction of both the subject matter and the person in Mann's case. *See Dunbar*, 297 S.W.3d at 780.

## II.     Mann Received Constitutionally Adequate Notice.

> [I]n all fairness the allegations as to violation of probation should be fully and clearly set forth in the revocation motion, so that the defendant and his counsel might be informed as to that upon which he will be called to defend. When the allegations in the motion fail to fully inform the probationer, and the trial court refused to sustain an exception timely filed, the probationer is denied the rudiments of due process.

*LaBelle v. State*, 720 S.W.2d 101, 104 (Tex. Crim. App. 1986) (quoting *Garner v. State*, 545 S.W.2d 178 (Tex. Crim. App. 1977)).

Mann's trial counsel did not challenge the adequacy of notice provided by the motion to adjudicate. *See Rodriguez v. State*, 951 S.W.2d 199, 204 (Tex. App.—Corpus Christi 1997, no pet) (trial objection required to preserve complaint that revocation motion was defective). Nevertheless, the allegations in Mann's motion to adjudicate provided adequate notice.

## III.  The Evidence Supports the Trial Court's Decision.

The State bears the burden of proving a violation of community supervision by a preponderance of the evidence. *Jenkins v. State*, 740 S.W.2d 435, 437 (Tex. Crim. App. 1983); *Williams v. State*, 910 S.W.2d 83, 85 (Tex. App.—El Paso 1995, no pet.). A plea of "true," standing alone, is sufficient to support a judgment revoking community supervision. *See Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979); *Duncan v. State*, 321 S.W.3d 53, 58 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd). A court does not abuse its discretion in revoking community supervision if the State proves even a single violation. *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980); *Dunn v. State*, 997 S.W.2d 885, 887 (Tex. App.— Waco 1999, pet. ref'd).

These same principles apply to a trial court's decision to proceed with an adjudication of guilt under article 42.12, section 5. *See* TEX. CODE CRIM. PROC. art. 42.12, § 5(b); *Antwine v. State*, 268 S.W.3d 634, 636 (Tex. App.— Amarillo 2008, pet. ref'd); *Atchison v. State*, 124 S.W.3d 755, 758 n.4 (Tex. App.—Austin 2003, pet. ref'd).

Here, Mann pleaded "true" to all the violations alleged. (2 RR 6). His plea of "true," standing alone, is sufficient to support the court's decision to adjudicate. *See Moses*, 590 S.W.2d at 470; *Duncan*, 321 S.W.3d at 58; *Atchison*, 124 S.W.3d at 758 .

## IV. The Trial Court Sentenced Mann Within the Statutory Range.

The undersigned counsel understands that Mann wants to challenge the trial court's decision to impose a sentence greater than the 8-year sentenced urged by the prosecutor in closing argument. This potential issue is meritless for two reasons. First, the prosecutor argued for a sentence of "**at least** eight years." (4 RR 13) (emphasis added) And second, the trial court was within its discretion to impose a sentence anywhere within the statutory range regardless of any recommendation from the State. Texas courts have so held on numerous occasions.

> [R]egardless of whether the deferred adjudication was part of a plea bargain, recommended by the prosecution, imposed by the trial court without objection by the appellant, or granted under other circumstances, once the trial court proceeds to adjudication, it is restricted in the sentence it imposes only by the relevant statutory limits.

*Von Schounmacher v. State*, 5 S.W.3d 221, 223 (Tex. Crim. App. 1999) (per curiam).

This rule applies "[e]ven if the parties purport to have a plea bargain as to the sentence to be assessed after adjudication." *Ex parte Huskins*, 176 S.W.3d 818, 819 (Tex. Crim. App. 2005). And so, upon adjudication of guilt, "the judge can assess any punishment statutorily permitted." *Ex parte Broadway*, 301 S.W.3d 694, 698 (Tex. Crim. App. 2009).

Following these decisions, appellate courts have regularly rejected contentions that a trial court was bound to a particular sentence in a hearing on a motion to adjudicate guilt. *See, e.g., Aranda v. State*, No. 04–13–00307–CR, 2014 WL 2157537, at *2 (Tex. App.—San Antonio May 21, 2014, no pet.) (mem. op., not designated for publication); *Torres v. State*, No. 09–13–00405–CR, 2014 WL 989705, at *1-2 (Tex. App.—Beaumont Mar. 12, 2014, no pet.) (mem. op., not designated for publication).

Here, the trial court assessed a punishment within the statutory range. The court was well within its discretion to do so.

## V. Mann Received Effective Assistance of Counsel.

A defendant's Sixth Amendment right to counsel includes the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674 (1984). And the right to effective assistance

of counsel applies in a hearing on a motion to adjudicate. *Mills v. State*, No. 14–09–00867–CR, 2011 WL 397950, at *2 (Tex. App.—Houston [14th Dist.] Feb. 8, 2011, pet. ref'd) (mem. op., not designated for publication).

To establish ineffective assistance, an appellant must overcome the "strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *Ex parte Ellis*, 233 S.W.3d 324, 330 (Tex. Crim. App. 2007) (quoting *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999)) Thus, the appellant must "overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (quoting *Miniel v. State*, 831 S.W.2d 310, 323 (Tex. Crim. App. 1992)) "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Id.* (quoting *Strickland*, 466 U.S. at 690, 104 S. Ct. at 2066)

Mann was capably represented by counsel in the trial court, and counsel pursued a reasonable defensive strategy. Under this record, Mann cannot "overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *See Ellis*, 233 S.W.3d at 330.

## VI.    Summary

The trial court had both personal and subject-matter jurisdiction; the adjudication motion, capias and hearing were all timely; the adjudication motion provided Mann constitutionally adequate notice; the evidence supports the trial court's decision to proceed with an adjudication of guilty; the trial court sentenced Mann within the statutory punishment range; and the record does not support a claim for ineffective assistance of counsel. Accordingly, Mann's appeal presents no issues of arguable merit.

## Prayer

WHEREFORE, PREMISES CONSIDERED, the undersigned counsel contends that this appeal presents no issues of arguable merit and counsel should be permitted to withdraw. Pursuant to *Anders v. California* and Texas decisional law interpreting *Anders*, counsel prays that this Honorable Court provide Appellant the opportunity to file a *pro se* brief or response presenting any issues he believes the Court should consider and grant such other and further relief to which he may show himself justly entitled.

Respectfully submitted,


*/s/ Alan Bennett*
E. Alan Bennett
SBOT #02140700
Attorney for Appellant

Sheehy, Lovelace & Mayfield, P.C.
510 N. Valley Mills Dr., Ste. 500
Waco, Texas 76710
Telephone:        (254) 772-8022
Fax:        (254) 772-9297
Email:        abennett@slmpc.com

# Certificate of Compliance

The undersigned hereby certifies, pursuant to Rule of Appellate Procedure 9.4(i)(3), that this computer-generated brief contains 2,941 words.

<u>*/s/ Alan Bennett*</u>
E. Alan Bennett

# Certificate of Service

The undersigned hereby certifies that a true and correct copy of this brief was served on November 6, 2015: (1) by email to counsel for the State, Bob D. Odom, bob.odom@co.bell.tx.us; and (2) by mail to Appellant Christopher William Mann, TDCJ #02023857, Joe F. Gurney Unit, 1385 FM 3328, Tennessee Colony, TX 75803.

<u>*/s/ Alan Bennett*</u>
E. Alan Bennett

# Appendix

1. Letter Advising Client of *Anders* Rights

**TAB NO. 1**

**E. ALAN BENNETT**

510 N. VALLEY MILLS DRIVE
SUITE 500
WACO, TEXAS 76710

E-MAIL: abennett@slmpc.com

TELEPHONE (254) 772-8022
FACSIMILE (254) 772-9297



BOARD
CERTIFIED®
Texas Board of Legal Specialization
CRIMINAL APPELLATE LAW
CRIMINAL LAW

November 6, 2015

Christopher William Mann
TDCJ #02023857
Joe F. Gurney Unit
1385 FM 3328
Tennessee Colony, TX 75803

Re: No. 06-15-00163-CR; Mann v. State; In the Sixth Court of Appeals, Texarkana

Mr. Mann:

Enclosed please find copies of: (1) the motion to withdraw; (2) the brief pursuant to *Anders v. California* that I have prepared and filed in the above case; and (3) the appellate record. After a diligent search of both the clerk's record and reporter's record in your case and a review of the applicable law, it is my opinion that no reversible error occurred at your adjudication proceeding.

Whenever appellate counsel files a motion such as this, the law provides the appellant the right to review the record and file a response identifying to the appellate court any grounds he thinks are non-frivolous issues to be raised on his behalf that the appellate court should consider in deciding whether the case presents any meritorious grounds for appeal. Because I have filed this motion and brief, you now have the right to review the record and file a response or brief if you so choose. I have enclosed a copy of the record for your review.

I anticipate that the Court of Appeals will send notice directly to you informing you that your response will be due to be filed in the Sixth Court of Appeals within 30 days of the date of this letter. If you choose to file a response, you must mail it to the Sixth Court of Appeals at the following address:

> Sixth Court of Appeals
> 100 N. State Line Ave., Ste. 20
> Texarkana, Texas 75501

Whether or not you file a response, the law requires the Court of Appeals to review the record to determine if the Court agrees with my assessment that no meritorious grounds for appeal exist, i.e., that no reversible error exists. If the Court does not agree, but instead believes there are non-frivolous issues to be raised on your behalf, the Court must abate the appeal to have another attorney appointed to review the record on your behalf.

Should the Court of Appeals ultimately determine that there are no meritorious grounds to be raised and that your appeal is frivolous, the Court will affirm your adjudication. You may then file a pro se petition for discretionary review with the Texas Court of Criminal Appeals. Such petition must be filed within 30 days of the date the Court of Appeals renders its judgment. The mailing address for the Court of Criminal Appeals is as follows:

> Court of Criminal Appeals
> Post Office Box 12547
> Austin, Texas 78711

Feel free to write me if you have any questions about the procedure utilized in your appeal. I will do my best to answer any questions you may have.

> Sincerely,

> E. Alan Bennett

Enclosures

1) Motion to Withdraw
2) *Anders* Brief
3) Clerk's Record
4) Reporter's Record (4 volumes)