**Opinion filed June 23, 2022**



## In The

# Eleventh Court of Appeals

_____

## No. 11-20-00163-CR

_____

### JOSUE MANUEL NIETO, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 70th District Court**
**Ector County, Texas**
**Trial Court Cause No. A-17-1503-CR**

### M E M O R A N D U M   O P I N I O N

The State charged Josue Manuel Nieto, Appellant, by indictment for the first-degree felony offense of aggravated robbery with a deadly weapon. *See* TEX. PENAL CODE ANN. § 29.03 (West 2019). In January 2018, Appellant pleaded guilty pursuant to a plea bargain. The trial court deferred a finding of guilt and placed Appellant on deferred adjudication community supervision for a term of six years.

In February 2020, the State filed a motion to proceed with an adjudication of guilt, alleging two violations of the terms and conditions of community supervision. The trial court heard the motion to proceed in June 2020. Appellant pleaded "true" to both alleged violations. The trial court adjudicated Appellant guilty of the charged offense and assessed his punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of forty years. In a single issue, Appellant contends that the trial court's sentence violated the requirements of Section 1.02 of the Texas Penal Code. We affirm.

*Background Facts*

The record in this case provides few facts about the underlying offense. At the revocation/adjudication hearing, Appellant testified that he consumed alcohol and "most likely" marihuana before he committed the robbery. Andrea Moralez, Appellant's community supervision officer, testified that Appellant used a broken beer bottle as a weapon to threaten a clerk in a convenience store. Relying on the presentence investigation report[1] (PSI), the trial court stated on the record that Appellant "told [the clerk] to get on the floor, [or Appellant] would shank him if he . . . moved." After the trial court adjudicated Appellant guilty, it assessed his punishment at confinement for a term of forty years "because of the seriousness of [Appellant's] crime." The trial court also noted that Appellant admitted to using alcohol, cocaine, and marihuana in the two weeks prior to the date that he was placed on deferred adjudication. This appeal followed.

*Analysis*

In his sole issue, Appellant contends that the trial court abused its discretion when it assessed Appellant's punishment. Specifically, Appellant contends that his sentence violates the objectives of Section 1.02 of the Penal Code because the trial

---

[1]The PSI is not included in our record.

court did not consider public safety, deterring others from similar conduct, or rehabilitation. *See* PENAL CODE § 1.02 (West 2021). The State responds that Appellant waived the issue by failing to object at either sentencing or in a motion for new trial. Alternatively, the State contends that the trial court did not abuse its discretion by sentencing Appellant within the prescribed punishment range.

We begin with the threshold matter of whether Appellant preserved his issue for appeal. To preserve error for appellate review, the record must show that "the complaint was made to the trial court by a timely request, objection, or motion that: (A) stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." TEX. R. APP. P. 33.1(a)(1)(A). To preserve alleged error relating to excessive punishment, a defendant must make a timely request, objection, or motion to the trial court. *Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.); *see Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986) ("As a general rule, an appellant may not assert error pertaining to his sentence or punishment where he failed to object or otherwise raise such error in the trial court."). Here, Appellant did not raise an objection under Section 1.02 at the time his sentence was imposed or in any posttrial motion. *See Burt v. State*, 396 S.W.3d 574, 577 (Tex. Crim. App. 2013) ("In some instances, an appellant may preserve a sentencing issue by raising it in a motion for new trial."); *Vidaurri v. State*, 49 S.W.3d 880, 886 (Tex. Crim. App. 2001) (failure to object at the time of sentencing or in a posttrial motion waives error for appeal).

Appellant contends that the complaint he raises on appeal was preserved because the specific grounds were apparent from the context of the record. To support his contention, Appellant cites to trial counsel's argument before sentencing that the appropriate punishment was to adjudicate, suspend punishment, and sentence Appellant to a term in the Substance Abuse Felony Punishment Facility

(SAFPF). Trial counsel asked the trial court "not to write this kid off" with a forty-year sentence and urged the trial court to use the rehabilitative tools available to address Appellant's marihuana usage.

Appellant's contention is misplaced. The context of Appellant's arguments at trial was that Appellant wanted a lesser sentence than the forty-year sentence requested by the prosecutor. But at no time did Appellant assert that the sentence imposed by the trial court violated Section 1.02. A complaint that a sentence violates Section 1.02 must be presented to the trial court in order to preserve the complaint for appellate review. *Neal v. State*, No. 05-19-00699-CR, 2020 WL 3958192, at *3 (Tex. App.—Dallas July 13, 2020, no pet.) (mem. op., not designated for publication); *Littlebird v. State*, No. 05-17-00709-CR, 2018 WL 2926811, at *2 (Tex. App.—Dallas June 7, 2018, no pet.) (mem. op., not designated for publication); *Thornton v. State*, No. 05-16-00565-CR, 2017 WL 1908629, at *4 (Tex. App.—Dallas May 9, 2017, pet. ref'd) (mem. op., not designated for publication).

Even if Appellant had preserved the error, his contention is without merit. We review a trial court's determination of punishment for an abuse of discretion. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). The general rule is that a trial court does not abuse its discretion if the sentence is within the proper range of punishment. *Id.* Appellant does not contend that his sentence is outside the proper range of punishment.

Appellant pleaded guilty to the charged offense and pleaded "true" to two alleged violations of his community supervision. Moralez testified that Appellant complied with the requirements to report, attend counseling, and pay fines, but that he failed drug tests on two occasions. In addition to the two failed drug tests, Appellant admitted that he violated the community supervision terms pertaining to drug use on multiple other occasions—at least twelve times.

Appellant testified at the revocation hearing that he is an addict and cannot help himself or abstain from consuming illegal drugs. Appellant admitted that he knew he had a substance abuse problem but that he only completed the minimum required courses and did not seek out help from his probation officer or members of his family. Constance Roberts, a drug abuse counselor, testified that she believed Appellant was an addict. Appellant had participated in her program for a few years as a teenager before he stopped going entirely. Thus, the testimony at the hearing unequivocally indicates that Appellant had a long history of substance abuse.

Appellant contends that the trial court "prejudged" Appellant based on the PSI and did not consider the evidence presented at the hearing. To support this contention, Appellant cites a statement by the trial court that it "fully intended to [sentence Appellant to] 60 years in prison because of the seriousness of [his] crime and what [he] ha[s] done." We disagree with Appellant's interpretation of the trial court's statement. Although the trial court may have originally intended to sentence Appellant to sixty years, the trial court ultimately sentenced Appellant to a term of forty years, presumably because of the evidence presented at the hearing. A sentence of forty years is within the punishment range for a first-degree felony. *See* Penal § 12.32(a) (West 2019) (a first-degree felony shall be punished by imprisonment "for life or for any term of not more than 99 years or less than 5 years").

Appellant also contends that a forty-year sentence is disproportionate[2] or unreasonable because the original sentence was for deferred adjudication for a period of six years. We find this contention to be unsupported by authority or the

---

[2]Although Appellant asserts that his sentence is disproportionate, he does not contend that the sentence violates the United States Constitution or the Texas Constitution. Thus, a constitutional analysis is beyond our review. However, we find nothing disproportionate in a forty-year sentence for an aggravated robbery with a deadly weapon. *See Sullivan v. State*, 975 S.W.2d 755, 756 (Tex. App.—Corpus Christi–Edinburg 1998, no pet.) (evaluating proportionality of a sentence to the original charge rather than the violation of community supervision terms).

record before us.  Appellant's contention "confuses the decision to adjudicate, which [is] based on the violations of supervision, with the punishment decision." *Atchison v. State*, 124 S.W.3d 755, 759 (Tex. App.—Austin 2003, pet. ref'd).  The trial court imposed a forty-year sentence as punishment for the first-degree felony to which Appellant had previously pleaded guilty.

Although Appellant's trial counsel urged that an addiction treatment program and rehabilitation were appropriate, rehabilitation is not the only purpose of the Penal Code.  Based on the crime charged and Appellant's own admissions, we cannot say that the sentence violates the objectives of the Penal Code to prevent the reoccurrence of criminal behavior to ensure the public safety.  *See* PENAL § 1.02(1)(A), (C).  Moreover, incarceration does not necessarily mean that Appellant will be denied the opportunity for rehabilitation.  *See Foster v. State*, 525 S.W.3d 898, 911 (Tex. App.—Dallas 2017, pet. ref'd).  Accordingly, the trial court did not abuse its discretion: Appellant's sentence is within the prescribed statutory range, and it does not violate the objectives stated in Section 1.02 of the Penal Code.  We overrule Appellant's sole issue.

*This Court's Ruling*

We affirm the judgment of the trial court.


JOHN M. BAILEY
CHIEF JUSTICE


June 23, 2022

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.